**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE OSBORN,

Defendant - Appellant.

No. 24-577

D.C. No.
4:23-cr-00093-BLW-1

MEMORANDUM*

---

Appeal from the United States District Court for the
District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted October 16, 2024**

Before:    SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Lawrence Osborn appeals from the district court's judgment and challenges the ten-year term of supervised release imposed following his guilty-plea conviction for attempted coercion and enticement, in violation of 18 U.S.C. § 2422(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Osborn contends that the district court procedurally erred by (1) impermissibly imposing the term of supervised release based on the seriousness of the offense and (2) failing to explain its reasons for imposing the supervision term or consider his arguments for a shorter term. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court properly based the term of supervised release on the nature and circumstances of the offense, as well as Osborn's history and characteristics, and did not rely on any improper factors. *See* 18 U.S.C. § 3583(c). Moreover, the record shows that the court acknowledged Osborn's arguments in favor of a shorter term of supervision and sufficiently explained that a shorter term would not be adequate in light of the troubling nature of his conduct. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**